**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**IN ADMIRALTY**

| | |
|---|---|
| COMMODITIES & MINERALS ENTERPRISE, LTD.<br><br>Plaintiff,<br><br>vs.<br><br>C.V.G. FERROMINERA ORINOCO, C.A.<br><br>Defendant. | Civil Action No.: 16-cv-00861-ALC |

**DIAZ, REUS & TARG, LLP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD**

Pursuant to Local Civil Rule 1.4, Diaz, Reus & Targ, LLP ("DRT"), respectfully submits its memorandum of law in support of its motion for leave to withdraw as counsel of record for Defendant C.V.G. Ferrominera Orinoco, C.A. ("FMO"), for the reasons stated below.

**PROCEDURAL BACKGROUND**

1. On or about April, 2016, this law firm was retained to represent Defendant FMO in this action and in five parallel arbitration proceedings that Plaintiff Commodities and Minerals Enterprise, Ltd. ("CME") filed against FMO.

2. The first related arbitration hearings were scheduled to take place in New York City on October 26-27, 2016. On the eve of those hearings, DRT was informed that it was to be replaced in this case and all of the related arbitration proceedings by the law firm of De Jesus & De Jesus. *See* Affidavit of Marta Colomar Garcia, attached as Exhibit "A".

3.     DRT was present at an arbitration hearing in New York City on October 26, 2016, during which attorney Alfredo De Jesus O., Jr. informed the Tribunal and all present that DRT was no longer to act as counsel for FMO in this case and in the related arbitration proceedings.

4.     The chairman of the Tribunal asked Mr. De Jesus if he was admitted to practice in New York.  Mr. De Jesus answered that he was not admitted to practice in New York, and that he would have to obtain local counsel to replace DRT.  The chairman asked Mr. De Jesus if it was his intention to obtain local counsel to replace DRT.  Mr. De Jesus confirmed that it was his intention to do so.  *See* Affidavit of attorney Brant C. Hadaway, attached hereto as Exhibit "B".

5.     The Tribunal subsequently relieved DRT of its obligations in that arbitration proceeding, and DRT took no further part in presenting argument on behalf of FMO.  *See* Ex. "B".

6.     DRT has remained counsel of record in this case under the belief that it would eventually be contacted by substitute counsel, acting on instructions from De Jesus & De Jesus.  However, no one from De Jesus & De Jesus, and no one purporting to act on its behalf, has contacted DRT about appearing in this case.  *See* Ex. "B".

7.     On January 16, 2017, counsel for CME filed a letter motion requesting that this Court temporarily stay any decision with respect to FMO's motion to dismiss and/or vacate the Rule B attachment.  (Doc. # 86).  The gravamen of that motion is that the New York Tribunal has entered a partial final award of security in favor of CME, and that a ruling on FMO's motion to vacate the Rule B attachment should be stayed pending confirmation proceedings in the Southern District of Florida.

8.     Because DRT did not take part in presenting argument to the Tribunal, DRT is uncertain of what defenses to confirmation might be available to FMO, and accordingly is unable to continue to discharge its obligations to FMO in this case.

9.     DRT accordingly sought instructions from FMO, which confirmed that DRT is no longer authorized to represent FMO in this action.  *See* Ex. "A".

### MEMORANDUM OF LAW

Rule 1.4 of this Court's Local Civil Rules provides, in pertinent part:

> An attorney who has appeared as attorney of record for a party . . . may not withdraw from a case without leave of the Court granted by order.  Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . . and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

S.D.N.Y. Local Civ. R. 1.4.  Accordingly, "[w]hen considering whether to grant a motion to be relieved as counsel, district courts analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding."  *Battino v. Cornelia Fifth Ave., LLC*, No. 09 C 04113, 2013 WL 4779635, at *1 (S.D.N.Y. June 26, 2013) (quoting *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 C6469, 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011)).

However, "[w]hile Local Rule 1.4 requires a court order to withdraw, when counsel has been discharged –and agreed to the termination– the order to withdraw should issue except under the most compelling circumstances."  *Casper v. Lew Lieberbaum & Company, Inc.,* 1999 WL 335334, at *4 (S.D.N.Y. 1999).  Here, DRT has been discharged by the client, and has been relieved of any further responsibility in this case.

Withdrawing at this juncture will not have any material adverse effect on FMO's interests.  FMO's motion to dismiss and/or vacate Rule B attachment has been fully briefed.

3

Substitute counsel – with access to full information regarding the arguments presented in arbitration – will be better positioned to respond to CME's motion for stay.

DRT is not asserting any retaining or charging lien.

## CONCLUSION

For the reasons outlined in this motion and the attached affidavits, DRT respectfully requests the Court to enter an Order:

a. Granting Diaz, Reus & Targ, LLP leave to withdraw as counsel for Defendant FMO in this action, pursuant to Local Rule 1.4; and

b. For such further relief as this Court may deem just and proper.

Dated: Miami, Florida
January 20, 2017

                              DIAZ, REUS & TARG, LLP
                              100 Southeast Second Street
                              3400 Miami Tower
                              Miami, Florida 33131
                              Telephone: (305) 375-9220

                              */s/ Marta Colomar Garcia*
                              Marta Colomar Garcia (5405618)
                              Michael Diaz, Jr. (Admitted Pro Hac Vice)
                              Brant C. Hadaway (Admitted Pro Hac Vice)
                              Gary E. Davidson (Admitted Pro Hac Vice)

                              *Attorneys for Defendant*
                              C.V.G. Ferrominera Orinoco, C.A.

## **CERTIFICATE OF SERVICE**

I, Marta Colomar Garcia, hereby certify that on January 20, 2017, I electronically filed this document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record and parties identified on the attached Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Marta Colomar Garcia*
Marta Colomar Garcia

## SERVICE LIST

**Commodities & Minerals Enterprise, Ltd. V. C.V.G. Ferrominera Orinoco, C.A.**
**CASE NO. 16-cv-00861-ALC**
**United States District Court, Southern District of New York**

Christopher Rocco Noland, Esq.
Francis Robert Dening, Esq.
Marissa A. Marinelli, Esq.
Michael J. Frevola, Esq.
Holland & Knight
31 West 52nd Street
New York, NY 10019
Email: chris.nolan@hklaw.com
Email: robert.denig@hklaw.com
Email: marisa.marinelli@hklaw.com
Email: michael.frevola@hklaw.com

C.V.G. Ferrominera Orinoco, C.A.
Carlos Sanchez
Oficina Principal Ciudad Guayana
Av. Vía Caracas, Edificio Administrativo I
Puerto Ordaz, Estado Bolívar
Email: carlossa@ferrominera.com

C.V.G. Ferrominera Orinoco, C.A.
Dr. Alfredo De Jesus O., Esq.
4 rue Quentin Bauchart
75008 Paris, France
Email: alfredo.dejesus@adejesus.com