# ZEICHNER ELLMAN & KRAUSE LLP

1211 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
TEL: (212) 223-0400

BARRY J. GLICKMAN
(212) 826-5327
bglickman@zeklaw.com

WWW.ZEKLAW.COM

May 2, 2019

**BY ECF**

Hon. Andrew L. Carter, Jr.
United States District Judge
Thurgood Marshall United States Courthouse
500 Pearl Street, Courtroom 1306
New York, New York  10007

        **Commodities & Minerals Enterprise Ltd. v. CVG Ferrominera C.A.**
        **Case No. 16-cv-861 (ALC)**

Dear Judge Carter:

        We are counsel to non-party garnishee Bank of America, N.A. ("BANA") in connection with the referenced matter. We write to bring to this Court's attention certain information that we believe to be relevant to plaintiff's pending motion for an order, *inter alia*, pursuant to Fed. R. Civ. P. 69 and N.Y. CPLR § 5225(b) directing BANA to turnover certain funds set aside from an account maintained in the name defendant CVG Ferrominera Orinoco, C.A. in compliance with a Writ of Maritime Attachment issued by the Clerk of the Court and dated February 4, 2016. Plaintiff correctly observes that BANA presently holds the sum of $7,812,049.80. However, plaintiff does not address a critical issue that may interfere with BANA's ability to remit payment if this Court grants the requested relief.

        As this Court may be aware, by the Venezuela Sanctions Regulations, 31 C.F.R. pt. 538 promulgated by the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC"), the United States has imposed certain sanctions on "the Government of Venezuela, any political subdivision, agency, or instrumentality thereof, including the Central Bank of Venezuela, and any person owned or controlled by, or acting for or on behalf of, the Government of Venezuela." See Appendix A to Part 591 — Executive Order 13692 of March 8, 2015. By order dated September 29, 2016, this Court held that defendant is such "an agency or instrumentality."

ZEICHNER ELLMAN & KRAUSE LLP

Hon. Andrew L. Carter, Jr.
May 2, 2019
Page 2

        Accordingly, we respectfully submit that, before deciding plaintiff's motion, it would be appropriate for this Court to give the United States an opportunity to submit a Statement of Interest in which it advances its position concerning the propriety of the requested relief and/or if such relief is properly the subject of an OFAC license.

        Respectfully,

Barry J. Glickman

BJG:dct

cc:   Bruce G. Paulsen, Esq. (By ECF)
       Edward A. Keane, Esq. (By ECF)