# SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK 10004

BRUCE G. PAULSEN
PARTNER
(212) 574-1533
paulsen@sewkis.com

TELEPHONE: (212) 574-1200
FACSIMILE: (212) 480-8421
WWW.SEWKIS.COM

901 K STREET, NW
WASHINGTON, DC 20001
TELEPHONE: (202) 737-8833
FACSIMILE: (202) 737-5184

May 7, 2019

**VIA ECF AND EMAIL**

Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007
(ALCarterNYSDChambers@nysd.uscourts.gov)

    Re:  *Commodities & Minerals Enterprise Ltd. v. CVG Ferrominera Orinoco, C.A.*, No.16-cv-861

Dear Judge Carter:

  We represent Plaintiff Commodities & Minerals Enterprise Ltd. ("CME"). We write in response to non-party garnishee Bank of America, N.A.'s ("BANA") letter dated May 2, 2019, asking the Court to solicit a Statement of Interest from the United States regarding BANA's ability to turn over nearly $8 million in funds held in the name of defendant CVG Ferrominera Orinoco, C.A. ("FMO"), in partial satisfaction of an outstanding judgment issued by the U.S. District Court for the Southern District of Florida in July 2018. *See* Dkt. 111, Ex. C (Florida judgment); *see also* Dkt. 110 (CME's turnover motion). Citing an Executive Order issued in March 2015, BANA questions whether releasing such funds could violate U.S. sanctions against Venezuela (the "Venezuela Sanctions"). CME respectfully submits that the Venezuelan Sanctions are not implicated in this matter, and this fact is confirmed by guidance from the Office of Foreign Assets Control ("OFAC"). Accordingly, a Statement of Interest from the United States is not necessary, and the Court should deny BANA's request.

  As a threshold matter, the Executive Order cited by BANA applies only to "(i) the persons listed in the Annex to this order; and (ii) any person determined by the Secretary of the Treasury, in consultation with the Secretary of State" to fall within certain enumerated categories. Neither FMO nor its parent company, Corporacion Siderurgica de Venezuela S.A. ("CSV"),[1] is listed in the Annex to the Executive Order. Rather, that appendix identifies seven Venezuelan officials

---

[1]   *See* FMO's Mem. in Supp. of its Mot. to Dismiss the Compl. and Mot. to Vacate Rule B Order of Attachment (Dkt. 39) at 2 (stating that CSV was "made . . . the parent company of FMO through presidential decree").

who have no connection to FMO.  Moreover, OFAC guidance expressly provides that "[t]he designation of an official of the Government of Venezuela does not mean that the government itself is also blocked." *See* OFAC FAQ 505 ("The prohibitions apply to transactions or dealings only with the individuals and entities whose property and interests in property are blocked.").[2] Similarly, neither FMO nor CSV have been named as a Specially Designated National or Blocked Person ("SDN") by OFAC.  *See generally* Office of Foreign Assets Control, Specially Designated Nationals and Blocked List.[3]

Further, even if FMO's assets were subject to the Venezuela Sanctions (which they are not), OFAC guidance also makes clear that a specific license is not needed to release funds to satisfy CME's judgment against FMO.  *See* OFAC FAQ 596 (assets of the Government of Venezuela can be attached to satisfy a legal judgment without a specific license).

For the foregoing reasons, a Statement of Interest from the United States would be unnecessary and inappropriate in this matter, and would create significant delay for CME. Accordingly, the Court should deny BANA's request and grant CME's turnover motion in full.

Respectfully yours,

/s Bruce G. Paulsen
Bruce G. Paulsen

---

[2] https://www.treasury.gov/resource-center/faqs/Sanctions/Pages/faq_other.aspx.
[3] https://www.treasury.gov/ofac/downloads/sdnlist.pdf (last updated Apr. 26, 2019).